# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| Westech Aerosol Corporation, (a Washington Corporation),<br><br>   Plaintiff,<br><br>   v.<br><br>3M Company, (a Minnesota Corporation); and GTA-NHT, Inc. d/b/a Northstar Chemical (a Massachusetts Corporation),<br><br>   Defendants. | Civil Action No.<br><br>COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

The Plaintiff, Westech Aerosol Corporation ("Westech"), for its complaint against Defendants, 3M Company ("3M") and GTA-NHT, Inc. d/b/a Northstar Chemical ("Northstar") (collectively "Defendants"), requesting damages, an injunction, and other relief, alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for infringement of United States Patent No. 7,705,056 ("the '056 patent") under 35 U.S.C. §§ 271 *et. seq.*

## II. PARTIES

2. The Plaintiff, Westech Aerosol Corporation, is a corporation organized and existing under the laws of the State of Washington, with a principal place of business in Kitsap

COMPLAINT - 1
WEAR-6-1001P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

County, WA.

3. Defendant, 3M Company ("3M"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in or near St. Paul, MN.

4. Defendant, GTA-NHT, Inc. d/b/a Northstar Chemicals ("Northstar"), is a corporation organized and existing under the laws of the State of Massachusetts, with a principal place of business in or near Cartersville, GA.

5. On information and belief, 3M wholly owns Northstar.

### III. JURISDICTION AND VENUE

6. This action arises under the Patent Act, 35 U.S.C. §§ 1 et. seq. This court has jurisdiction over the subject matter of this complaint under 28 U.S.C. §§ 1331 and 1338(a).

7. Defendants have placed infringing products into the stream of commerce by shipping those products into this judicial district or by knowing and intending that such products would be shipped into this judicial district by one or more distributors.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b) because defendants have committed acts of infringement in this judicial district and are subject to personal jurisdiction in this judicial district.

### IV. GENERAL ALLEGATIONS

9. Entitled "Aerosol Adhesive and Canister-Based Aerosol Adhesive System," the '056 patent was duly and legally issued on April 27, 2010. A true and correct copy of the '056 patent is attached hereto as Exhibit 1.

10. The '056 patent issued in the name of the inventor, Dr. David Carnahan ("Dr. Carnahan"). Dr. Carnahan is a named inventor on several U.S. patents. In 1981, Dr. Carnahan earned a B.S. in mathematics and chemistry from Northland College. In 1982, Dr. Carnahan earned an M.S. in business administration from Michigan Technological University. In 1986, Dr.

COMPLAINT - 2
WEAR-6-1001P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Carnahan earned a PhD from Emory University.

11. Dr. Carnahan founded Westech in Bremerton, Washington. Westech designs, manufactures, and sells aerosol adhesives, including those that are low in volatile organic compounds ("VOCs"). Over the years, Westech's low VOC aerosol adhesives have enjoyed market acceptance and industry recognition.

12. Westech is the owner of all right, title, and interest in and to the '056 patent including all claims for infringement of the '056 patent.

13. Claim 1 of the '056 patent discloses and claims a novel and non-obvious aerosol adhesive canister system including a gas cylinder canister, a hose, a spray gun, a hydrocarbon propellant, and an aerosol adhesive comprising a solvent mixture selected to have volatility characteristics for producing a specific spray pattern, a polymeric base, and a compressed gas dissolved in the solvent mixture.

14. On information and belief, Defendant 3M sells the following aerosol adhesive products that are believed to infringe at least claim 1 of the '056 Patent because they contain all elements of claim 1 of the '056 patent either literally or under the doctrine of equivalents: 3M™ Foam Fast 74NF Cylinder Spray Adhesive (Clear), 3M™ General Purpose 60CA Cylinder Spray Adhesive, 3M™ Hi-Strength Non-Flammable 98NF Cylinder Spray Adhesive (Clear), 3M™ Hi-Strength Non-Flammable 98NF Cylinder Spray Adhesive (Red), 3M™ Hi-Strength Post Forming 94 CA Cylinder Spray Adhesive (Clear or Red), 3M™ Hi-Strength Postforming 94 CA Cylinder Spray Adhesive (Clear, Fragrance-Free), 3M™ Hi-Strength Postforming 94 CA Cylinder Spray Adhesive (Red, Fragrance-Free), 3M™ HoldFast 70 Cylinder Spray Adhesive (Clear), and Hi-Strength 94 ET Spray Adhesive (hereinafter "the 3M Accused Products").

15. On information and belief, Defendant Northstar sells the following aerosol adhesive products that are believed to infringe at least claim 1 of the '056 Patent because they

COMPLAINT - 3
WEAR-6-1001P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

contain all elements of claim 1 of the '056 patent either literally or under the doctrine of equivalents: 3M™ Super Stick HF, StarStuk™ HL+, StarStuk™ HM, StarStuk™ HMS, StarStuk™ HNF 80, StarStuk™ HPLV, NauticGrip™ HPS, StarStuk™ HT, PB NFT40, NauticGrip™ NG-TI, NorthStar™ NS912, Premier™ PB150, Premier™ PB900, Premier™ PB910, Premier™ PB912, Premier™ PB920, Premier™ PB923, Premier™ PB925, Premier™ PB925N, Premier™ PB960, Premier™ PB999, Premier™ PB2008, Premier™ SuperStick HF, StarStuk™ SG, StarStuk™ Superstick, NauticGrip™ Surfast, StarStuk™ TI-50, StarStuk™ T250, and NauticGrip™ Vinyl Adhesive (hereinafter "the Northstar Accused Products").

## V. CAUSES OF ACTION

<u>Infringement of the '056 Patent by 3M</u>

16. Westech incorporates the allegations in paragraphs 1-15 of this complaint.

17. Defendant 3M has directly infringed at least claim 1 of the '056 patent by selling the 3M Accused Products in violation of 35 U.S.C. § 271(a).

18. Defendant 3M has actively induced infringement of at least claim 1 of the '056 patent in violation of 35 U.S.C. § 271(b) by causing others to sell or use the 3M Accused Products with knowledge and intent that such sale or use will directly infringe at least claim 1 of the '056 patent.

19. On information and belief, Defendant 3M has contributed to the infringement of the '056 patent in violation of 35 U.S.C. § 271(c) by selling a component of an infringing combination, namely a canister filled with an aerosol adhesive and usable in a combination comprising at least one of the 3M Accused Products, with knowledge that this component constitutes a material part of the invention, that this component was especially made or especially adapted for use in an infringement, and that this component is not a staple article or

COMPLAINT - 4
WEAR-6-1001P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

commodity of commerce suitable for substantial non-infringing use.

20. On information and belief, the infringement by 3M of the '056 patent as alleged herein has at all times been willful.

21. As a direct result of 3M's infringement as alleged herein, Westech has suffered irreparable injury such that remedies available at law are inadequate to compensate for that injury.

22. Considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted.

23. The public interest would not be disserved by a permanent injunction against further sales by 3M of the 3M Accused Products.

Infringement of the '056 Patent by Northstar

24. Westech incorporates the allegations in paragraphs 1-15 of this complaint.

25. Defendant Northstar has directly infringed at least claim 1 of the '056 patent by selling the Northstar Accused Products in violation of 35 U.S.C. § 271(a).

26. Defendant Northstar has actively induced infringement of at least claim 1 of the '056 patent in violation of 35 U.S.C. § 271(b) by causing others to sell or use the Northstar Accused Products with knowledge and intent that such sale or use will directly infringe at least claim 1 of the '056 patent.

27. On information and belief, Defendant Northstar has contributed to the infringement of the '056 patent in violation of 35 U.S.C. § 271(c) by selling a component of an infringing combination, namely a canister filled with an aerosol adhesive and usable in a combination comprising at least one of the Northstar Accused Products, with knowledge that this component constitutes a material part of the invention, that this component was especially made

COMPLAINT - 5
WEAR-6-1001P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

or especially adapted for use in an infringement, and that this component is not a staple article or commodity of commerce suitable for substantial non-infringing use.

28. On information and belief, the infringement by Northstar of the '056 patent as alleged herein has at all times been willful.

29. As a direct result of Northstar's infringement as alleged herein, Westech has suffered irreparable injury such that remedies available at law are inadequate to compensate for that injury.

30. Considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted.

31. The public interest would not be disserved by a permanent injunction against further sales by Northstar of the Northstar Accused Products.

## VI. PRAYER FOR RELIEF

WHEREFORE, Westech Aerosol Corporation prays for relief against 3M and Northstar as follows:

A. that the court enter judgment that the '056 patent is infringed by one or more 3M Accused Products and that Westech is entitled to an award of damages in an amount to be proven at trial but in no event less than a reasonable royalty;

B. that the court enter judgment that the '056 patent is infringed by one or more Northstar Accused Products and that Westech is entitled to an award of damages in an amount to be proven at trial but in no event less than a reasonable royalty;

C. that the court enter judgment that the '056 patent is not invalid;

D. that the court permanently enjoin defendants from any further acts of direct infringement of the '056 patent, including enjoining any further manufacture, sale, offers for sale, and use by defendants of any of the 3M Accused Products and the Northstar Accused

COMPLAINT - 6
WEAR-6-1001P01 CMP

LOWE GRAHAM JONES pllc
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Products;

E. that the court permanently enjoin defendants from any further acts of indirect infringement of the '056 patent, including enjoining any further acts of inducement and contributory infringement;

F. that the court treble damages and award reasonable attorney's fees and costs pursuant to 35 U.S.C. § 285;

G. that the court order an accounting of all sales not presented at trial and award damages for any such sales; and

H. that the court enter such additional and further relief as it deems just and proper.

### VII.  JURY DEMAND

Plaintiff demands a trial by jury of all claims so triable.

DATED this 27th day of January, 2017.

LOWE GRAHAM JONES[PLLC]

s/Mark P. Walters
Mark P. Walters, WSBA No. 30,819
*Walters@LoweGrahamJones.com*
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

s/Ellen M. Bierman
Ellen M. Bierman, WSBA No. 23,224
*EllenB@LoweGrahamJones.com*
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

s/Lawrence D. Graham
Lawrence D. Graham, WSBA No. 25,402
*Graham@LoweGrahamJones.com*
701 Fifth Avenue, Suite 4800

COMPLAINT - 7
WEAR-6-1001P01 CMP

1
2  Seattle, Washington 98104
   T: 206.381.3300
   F: 206.381.3301
3
   *Attorneys for Plaintiff Westech Aerosol Corporation*
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

COMPLAINT - 8
WEAR-6-1001P01 CMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301