HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTECH AEROSOL CORPORATION,<br><br>              Plaintiff,<br><br>      v.<br><br>3M COMPANY, et al.<br><br>              Defendants. | CASE NO. C17-5067-RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND<br><br>DKT. #35 |

THIS MATTER is before the Court on Defendants 3M Company and NorthStar Chemical's Motion for Leave to Amend [Dkt. #35] their Second Motion for Dismissal. It involves whether Defendants infringed Plaintiff Westech Aerosol Corporation's patent for an aerosol adhesive and the canister system that dispenses it. The Court must consider whether the defense of improper venue was available to the Defendants before the Supreme Court decided *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341, 2017 U.S. LEXIS 3213 (May 22, 2017).

**DISCUSSION**

Defendants moved to dismiss Westech's complaint on March 27, 2017. Westech amended its complaint as a matter of right. On May 4, Defendants brought a second motion to

dismiss noted for May 26. On the day Westech's response was due, May 22, the Supreme Court decided *TC Heartland*. From the opinion, they believed they had gained grounds to assert an improper venue defense, Defendants immediately alerted Westech's counsel and renoted their motion. Westech responded to Defendants' motion to dismiss later that same day.

*TC Heartland* affirmed the Supreme Court's 1957 decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), and corrected the Federal Circuit's 1990 decision in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (1990), announcing that the patent venue statute (28 U.S.C. § 1400(b)), not the general venue statute (28 U.S.C. § 1391(c)), defines where a domestic corporation "resides." *See* 2017 U.S. LEXIS 3213, *14 (For patent law cases, it "resides" in its state of incorporation.). A "civil action for patent infringement" against a domestic corporation therefore "may be brought in the judicial district where the defendant [is incorporated], or where the defendant has committed acts of infringement and has a regular and established place of business." *See* 1400(b); *see also* 2017 U.S. LEXIS 3213, *14.

Defendants 3M and NorthStar ask the Court for permission to add to their motion for dismissal their argument that venue is improper under § 1400(b) because they are incorporated in Delaware and Massachusetts, respectively, and neither has a regular and established place of business in Washington. They argue they did not waive this defense (by not including it in their initial pleading or prior motions to dismiss) because it was unavailable to them until the Supreme Court decided *TC Heartland*. Westech contends an argument for an improper venue was available to Defendants, and has been since 1957 when the Supreme Court announced *Fourco*.

A defendant waives the defense of improper venue if it was available but the defendant omitted it from its responsive pleading or from a motion made before its responsive pleading.

1 *See* Fed. R. Civ. Pro. 12(g)(2). A defense is unavailable if "its legal basis did not exist at the time
2 of the answer or pre-answer motion." *Gilmore v. Palestinian Interim Self-Government Auth.*, 843
3 F.3d 958, 964–65 (D.C. Cir. 2016).

4     *TC Heartland* abrogated approximately 27 years of patent law precedent. The Supreme
5 Court announced in *Fourco* that for patent law, a domestic corporation "resides" only in its state
6 of incorporation. *See* 353 U.S. at 229. It rejected the argument that § 1400 incorporates the
7 broader definition of corporate "residence" contained in § 1391. *See id.* After Congress amended
8 § 1391, however, the Federal Circuit concluded in *VE Holdings* that § 1391 "clearly applies to
9 § 1400(b), and thus redefines the meaning of the term 'resides.'" 917 F.2d at 1578. It redefined a
10 defendant's venue in cases of alleged patent infringement as "any judicial district [where the]
11 defendant is subject to the court's personal jurisdiction." 917 F.2d at 1578–80 (referencing 28
12 U.S.C. § 1391(c)(2)). The Supreme Court denied *certiorari*, allowing the Federal Circuit's
13 decision to stand, and district courts have since had to follow it—until now.

14     *TC Heartland* changed the venue landscape. For the first time in 27 years, a defendant
15 may argue credibly that venue is improper in a judicial district where it is subject to a court's
16 personal jurisdiction but where it is not incorporated and has no regular and established place of
17 business. Defendants could not have reasonably anticipated this sea change, and so did not waive
18 the defense of improper venue by omitting it from their initial pleading and motions.

19     Allowing Defendants to bring this newly-available defense will not result in unnecessary
20 delay, nor will it unduly prejudice Westech. This case is only at the pleading stage. Defendants
21 withdrew their first motion to dismiss after Westech amended its complaint as a matter of right.
22 Immediately after the Supreme Court decided *TC Heartland*, they renoted their second motion to
23 dismiss and notified Westech's counsel and the Court of their intention to argue improper venue.
24

1  Westech did not need to respond to Defendants' second motion by their original response date,
2  and even though it did, and it can nevertheless recycle these arguments in response to
3  Defendants' amended motion.

## CONCLUSION

Defendants raised the defense of improper venue as soon as it was available. Their Motion for Leave to Amend their Second Motion to Dismiss [Dkt. #35] is GRANTED. Defendants' current Motion to Dismiss [Dkt. #31] is STRICKEN.

Dated this 21st day of June, 2017.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge

DKT. #35 - 4