1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WESTECH AEROSOL
CORPORATION,

                   Plaintiff,

     v.

3M COMPANY, et al.

                  Defendants.

CASE NO. C17-5067-RBL

ORDER GRANTING DEFENDANTS'
MOTION FOR LEAVE TO AMEND

DKT. #35

14

15

16

17

18

19

20

THIS MATTER is before the Court on Defendants 3M Company and NorthStar

Chemical's Motion for Leave to Amend [Dkt. #35] their Second Motion for Dismissal. It

involves whether Defendants infringed Plaintiff Westech Aerosol Corporation's patent for an

aerosol adhesive and the canister system that dispenses it. The Court must consider whether the

defense of improper venue was available to the Defendants before the Supreme Court decided

*TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341, 2017 U.S. LEXIS 3213

(May 22, 2017).

21

**DISCUSSION**

22

23

24

Defendants moved to dismiss Westech's complaint on March 27, 2017. Westech

amended its complaint as a matter of right. On May 4, Defendants brought a second motion to

1  dismiss noted for May 26. On the day Westech's response was due, May 22, the Supreme Court

2  decided *TC Heartland*. From the opinion, they believed they had gained grounds to assert an

3  improper venue defense, Defendants immediately alerted Westech's counsel and renoted their

4  motion. Westech responded to Defendants' motion to dismiss later that same day.

5       *TC Heartland* affirmed the Supreme Court's 1957 decision in *Fourco Glass Co. v.*

6  *Transmirra Products Corp.*, 353 U.S. 222, 226, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), and

7  corrected the Federal Circuit's 1990 decision in *VE Holding Corp. v. Johnson Gas Appliance*

8  *Co.*, 917 F.2d 1574 (1990), announcing that the patent venue statute (28 U.S.C. § 1400(b)), not

9  the general venue statute (28 U.S.C. § 1391(c)), defines where a domestic corporation "resides."

10 *See* 2017 U.S. LEXIS 3213, *14 (For patent law cases, it "resides" in its state of incorporation.).

11 A "civil action for patent infringement" against a domestic corporation therefore "may be

12 brought in the judicial district where the defendant [is incorporated], or where the defendant has

13 committed acts of infringement and has a regular and established place of business." *See*

14 1400(b); *see also* 2017 U.S. LEXIS 3213, *14.

15      Defendants 3M and NorthStar ask the Court for permission to add to their motion for

16 dismissal their argument that venue is improper under § 1400(b) because they are incorporated in

17 Delaware and Massachusetts, respectively, and neither has a regular and established place of

18 business in Washington. They argue they did not waive this defense (by not including it in their

19 initial pleading or prior motions to dismiss) because it was unavailable to them until the Supreme

20 Court decided *TC Heartland*. Westech contends an argument for an improper venue was

21 available to Defendants, and has been since 1957 when the Supreme Court announced *Fourco*.

22      A defendant waives the defense of improper venue if it was available but the defendant

23 omitted it from its responsive pleading or from a motion made before its responsive pleading.

24

*See* Fed. R. Civ. Pro. 12(g)(2). A defense is unavailable if "its legal basis did not exist at the time of the answer or pre-answer motion." *Gilmore v. Palestinian Interim Self-Government Auth.*, 843 F.3d 958, 964–65 (D.C. Cir. 2016).

*TC Heartland* abrogated approximately 27 years of patent law precedent. The Supreme Court announced in *Fourco* that for patent law, a domestic corporation "resides" only in its state of incorporation. *See* 353 U.S. at 229. It rejected the argument that § 1400 incorporates the broader definition of corporate "residence" contained in § 1391. *See id.* After Congress amended § 1391, however, the Federal Circuit concluded in *VE Holdings* that § 1391 "clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides.'" 917 F.2d at 1578. It redefined a defendant's venue in cases of alleged patent infringement as "any judicial district [where the] defendant is subject to the court's personal jurisdiction." 917 F.2d at 1578–80 (referencing 28 U.S.C. § 1391(c)(2)). The Supreme Court denied *certiorari*, allowing the Federal Circuit's decision to stand, and district courts have since had to follow it—until now.

*TC Heartland* changed the venue landscape. For the first time in 27 years, a defendant may argue credibly that venue is improper in a judicial district where it is subject to a court's personal jurisdiction but where it is not incorporated and has no regular and established place of business. Defendants could not have reasonably anticipated this sea change, and so did not waive the defense of improper venue by omitting it from their initial pleading and motions.

Allowing Defendants to bring this newly-available defense will not result in unnecessary delay, nor will it unduly prejudice Westech. This case is only at the pleading stage. Defendants withdrew their first motion to dismiss after Westech amended its complaint as a matter of right. Immediately after the Supreme Court decided *TC Heartland*, they renoted their second motion to dismiss and notified Westech's counsel and the Court of their intention to argue improper venue.

1 | Westech did not need to respond to Defendants' second motion by their original response date,

2 | and even though it did, and it can nevertheless recycle these arguments in response to

3 | Defendants' amended motion.

4 | **CONCLUSION**

5 | Defendants raised the defense of improper venue as soon as it was available. Their

6 | Motion for Leave to Amend their Second Motion to Dismiss [Dkt. #35] is GRANTED.

7 | Defendants' current Motion to Dismiss [Dkt. #31] is STRICKEN.

8 | Dated this 21st day of June, 2017.

9

10 | Ronald B. Leighton
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24