UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTECH AEROSOL CORPORATION,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>3M COMPANY, et al.<br><br>　　　　　　　Defendants. | CASE NO. C17-5067-RBL<br><br>ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE<br><br>DKT. #42 |

THIS MATTER is before the Court on Defendants 3M's and NorthStar's Amended Motion to Dismiss Plaintiff Westech's Amended Complaint [Dkt. #42]. Westech alleges 3M and its subsidiary, NorthStar, have infringed Westech's patent for a spray glue and the canister that dispenses it. 3M and NorthStar ask the Court to dismiss Westech's complaint because (1) it has pled insufficient facts in support of its direct infringement claim to survive *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007), and (2) after the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16–341, 2017 U.S. LEXIS 3213 (May 22, 207), venue is improper. Westech argues its complaint sufficiently puts 3M and NorthStar on notice of its claims against them. It also asks for leave to amend its complaint, so it may allege facts commensurate with *TC Heartland*.

**I.     DISCUSSION**

In its complaint, Westech lists thirty-eight 3M and NorthStar products it claims infringe upon claim one of its patent for an "Aerosol Adhesive and Canister-Based Aerosol Adhesive System," U.S. Patent No. 7,705,056. The patent protects a glue-dispensing system comprised of "a gas cylinder canister, a hose, a spray gun, a hydrocarbon propellant, and an aerosol adhesive comprising a solvent mixture selected to have volatility characteristics for producing a specific spray pattern, a polymeric base in said solvent mixture, and a compressed gas dissolved in the solvent mixture." Dkt. #27 (Amended Complaint) at 3. Westech claims 3M's and NorthStar's products contain "all of the same ingredients" as its patented system. *See id*. at 8, 11.

The defendants ask the Court to dismiss Westech's complaint under Federal Rule 12(b)(6) for its alleged failure to plead facts sufficient to support its claims for direct infringement. They also seek dismissal under Rule 12(b)(3) for improper venue.

**A.     Standards of Review.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and

footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the Court may deny leave to amend. *See Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Rule 12(b)(3) allows a court to dismiss a case for improper venue. The Court need not accept the pleadings as true, and it may consider facts outside of the pleadings. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). If it concludes venue is improper, it did not reach the case's merits, so dismissal must be without prejudice. *See In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).

**B.     Direct Infringement Claims.**

3M and NorthStar argue Westech's complaint fails to raise a plausible claim for direct infringement because it does not identify how any of their products specifically infringes Westech's patent. It argues Westech must plead facts showing that some ingredients or features of an accused product correspond to the elements making up its patent—that it must describe what the product's "hydrocarbon propellant," "polymeric base," "solvent mixture," and "compressed gas dissolved in said solvent mixture" consistent of. Westech argues it properly put the defendants on notice of its claims against them by listing their accused products, identifying the allegedly-infringed patent claim by number, and alleging every limitation of the claim can be found in each accused product.

1       To state a claim for direct patent infringement, a plaintiff must allege that the defendant,

2  "without authority[,] makes, uses, offers to sell, or sells any patented invention." 35 U.S.C.

3  § 271(a); *see also Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) (citing *Hewlett-*

4  *Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990), *cert. denied*, 493

5  U.S. 1076 (1990)). "To prove infringement, the patentee must show that an accused product

6  embodies all limitations of the claim either literally or by the doctrine of equivalents." *Cephalon,*

7  *Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013). "[T]o properly plead direct

8  infringement under *Twombly* and *Iqbal*, a plaintiff must plausibly allege that a defendant directly

9  infringes each limitation in at least one asserted claim." *Scripps Research Inst. v. Illumina, Inc.*,

10 No. 16-CV-661 JLS (BGS), 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016).

11      Westech pleads that each of the thirty-eight products it has identified infringes each

12 limitation of claim one of its patent. Its patent protects a system where a gas cylinder canister

13 shoots out an aerosol adhesive using a hose, spray gun, and hydrocarbon propellant. The

14 adhesive comprises a compressed gas dissolved in a solvent mixture with a polymeric base.

15 Westech alleges each of the accused products is a canister "containing a hydrocarbon propellant

16 and an aerosol adhesive comprising a solvent mixture selected to have volatility characteristics

17 for producing a specific spray pattern, a polymeric base in said solvent mixture, and a

18 compressed gas dissolved in the solvent mixture" intended to be combined with a hose and a

19 spray gun. Dkt. #27 at 8, 11. Westech also alleges 3M and NorthStar knew of this alleged

20 infringement but sold their products anyway.

21      Westech's complaint sufficiently puts the defendants on notice of how, where, and to

22 what degree it claims their products infringe its patent. It presents a cognizable legal theory

23

24

supported by factual allegations that raise its right to relief against them above the speculative level. 3M's and NorthStar's Motion to Dismiss under Rule 12(b)(6) is DENIED.

**C.     Venue.**

*TC Heartland* re-explained that for patent-infringement actions against domestic corporations, venue is proper (1) where the defendant is incorporated or (2) where the defendant has committed acts of infringement and has a regular and established place of business. *See* 2017 U.S. LEXIS 3213, *14; *see also* 28 U.S.C. § 1400(b).

Westech concedes its complaint, filed before *TC Heartland*, does not satisfy *TC Heartland's* venue requirements. It acknowledges 3M and NorthStar are incorporated in Delaware and Massachusetts, respectively, but claims if the Court grants it leave to amend, it can demonstrate each has a regular and established place of business here. Westech says it will allege 3M maintains three offices here[1], 3M is registered in Washington as a foreign corporation, and 3M and NorthStar each have sales representatives in the State. 3M and NorthStar argue the Court should deny Westech leave to amend its complaint (and instead grant their motion for dismissal) because amendment would be futile; it does not own, maintain, or use the offices Westech claims it does, and Westech's other allegations could not raise to the level of a "permanent and continuous presence" in the district.[2]

The Court agrees with 3M that, standing alone, having a sales presence in a district does not confer jurisdiction over a defendant under 28 U.S.C. § 1400(b). To have a "regular and established place of business" in the Western District, 3M must have more contact with it than

---

[1] Westech identifies 600 Ericksen Ave, NE, Ste. 200, Bainbridge Island, WA 98110-2875; 21312 30th Dr. SE, Ste. 1109, Bothell, WA 98021-7010; and 3000 Northup Way, Bellevue, WA, 98004 as 3M's "business locations" in the Western District of Washington.

[2] Westech's motion to strike portions of 3M's and NorthStar's reply is DENIED.

simply doing business there. *See Knapp-Monarch Co. v. Casco Prod. Corp.*, 342 F.2d 622, 624 (7th Cir. 1965). The mere presence of sales representatives is insufficient too. *See IPCO Hosp. Supply Corp. (Whaledent Int'l Div.) v. Les Fils D'Auguste Maillefer S.A.*, 446 F.Supp. 206, 208 (S.D.N.Y. 1978). An allegation that 3M maintains "business locations" in the district might make jurisdiction over it proper, depending on the building type and the operations conducted therein (such as whether it's a sales office, storage facility, distribution center, etc.).

Because it is possible Westech can amend its complaint to allege venue is proper here, the Court GRANTS it leave to amend. 3M's and NorthStar's Motion to Dismiss under Rule 12(b)(3) is accordingly DENIED WITHOUT PREJUDICE.

## II. CONCLUSION

Westech's complaint sufficiently puts the defendants on notice of its claims against them, but after *TC Heartland*, it fails to invoke this Court's jurisdiction. If Westech can amend its complaint, consistent with its Rule 11 obligations, to allege venue is proper in this district, it shall do so within 30 days. 3M's and NorthStar's Motion to Dismiss under Rule 12(b)(3) [Dkt. #42] is accordingly DENIED WITHOUT PREJUDICE. Their motion under Rule 12(b)(6) is DENIED.

Dated this 7th day of August, 2017.

Ronald B. Leighton
United States District Judge