| | |
|---|---|
| HONORABLE RONALD B. LEIGHTON | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WESTECH AEROSOL CORPORATION,<br><br>              Plaintiff,<br>   v.<br><br>3M COMPANY, *et al.*,<br><br>              Defendants. | CASE NO. C17-5067RBL<br><br>ORDER |

THIS MATTER is before the Court on Defendants 3M and Northstar's Renewed Motion to Dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400(b). [Dkt. #51]. Westech sued 3M and Northstar, claiming they are infringing its patent. Westech alleges that venue is proper in this District—even after *TC Heartland v. Kraft Foods Grp. Brands* LLC, 137 S. Ct. (2017)—because 3M[1] maintains a regular and established place of business here:

> Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendants have committed acts of infringement in this judicial district and 3M has one or more regular and established places of business in this judicial district.

[Second Amended Complaint, Dkt. # 50 at 2]

---

[1] Westech argues that 3M "wholly owns" Northstar and controls its activities, and that 3M is "involved" in Northstar's infringing conduct. It claims Northstar is the sole manufacturer of the accused 3M products. This is the sole basis of Westech's argument that venue for its claim against Northstar is proper.

ORDER - 1

3M argues that Westech's complaint again fails to allege *specific facts* demonstrating that venue is proper in this District, as it told the Court it could and would do when it previously asked for leave to amend instead of dismissal of its prior complaint. 3M argues that Westech's conclusory allegation is insufficient because it has no factual support. Defendant Northstar argues that Westech did not even allege, much less demonstrate, that Northstar has an established and regular place of business here. Indeed, Defendants point out that Westech did not incorporate into its second amended complaint the factual allegations it made (and offered to repeat) in response to the earlier motion to dismiss:

> Westech should be granted leave allege the following facts:
>
> ***
>
> 3M's Washington State business license identifies a "principal place of business" at 600 Ericksen Ave, NE Ste 200 Bainbridge Island, WA 98110-2875. *Id.* at ¶ 5 and Exh. C. Washington State Department of Revenue also reports that 3M has business locations at 21312 30th Dr. SE Ste 1109, Bothell, WA 98021-7010 and 3000 Northup Way Bellevue, WA, 98004. *Id.* In summary, the evidence strongly indicates both defendants maintain a "regular and established" place of business in this judicial district making venue proper here under § 1400(b).

[Westech's Response to Motion to Dismiss, Dkt. #43 at 5]

And the Defendants have already disputed the accuracy of these not-actually-alleged-in-the-new-complaint factual bases for venue in this District:

> 3M does not currently—and did not at the time the complaint was filed on January 27, 2017—own, lease, rent, use or maintain property at any of the locations listed in Paragraph 3. 3M vacated the building and assets at the Bainbridge Island, Washington address as of January 1, 2015, and 3M closed the location in Bothell, Washington on November 30, 2008. At no time on or after January 27, 2017 has 3M owned, leased, or used any property at 3000 Northup Way, Bellevue, WA 98004, and I am not aware of any previous ownership, lease, or use of that property by 3M.

[Shea Dec., Dkt. # 46]

1  Westech argues that the Defendants have failed to effectively challenge these (admittedly

2  thin) factual allegations, and that they are therefore entitled to a "presumption of truth,"

3  particularly where the defendant failed to identify contrary evidence. *See Murphy v Schneider*,

4  362 F.3d 1133 (9th Cir. 2004). But the Defendants argue that Westech has the burden of

5  establishing that venue is proper, and that its conclusory allegations are insufficient as a matter of

6  law to meet its factual burden. *Citing Piedmont v. Sun Garden Packing Co.*, 398 F.2d 491 (9th

7  Cir. 1979).

8  The Defendants also argue, persuasively, that the Federal Circuit recently reiterated the

9  requirements for proper venue in a patent case: § 1400(b) requires that "a defendant has" a

10 "place of business" that is "regular" and "established." All of these requirements must be

11 present. *In re Cray*, 871 F.3d 1355, 1362 (Fed. Cir. 2017).

12 There is no factual basis upon which the Court can conclude that 3M has "a regular and

13 established" place of business in this District, and certainly no basis for concluding that

14 Northstar does. Venue is improper here and the Defendants' Motion to Dismiss on this basis is

15 GRANTED.

16 The Defendants seek dismissal *with* prejudice, based largely on a District Court decision

17 from Nevada, *Greene v. Logisticare Solutions, LLC*, 2017 WL 1100902 (March 21, 2017). But

18 *Greene* is not a patent case, and it is not a venue case. The defects that led to dismissal with

19 prejudice and without leave to amend there were not primarily the failure to demonstrate proper

20 venue. Instead, the *pro se, in forma pauperis* plaintiff, Greene, had multiple opportunities to cure

21 a host of substantive defects in his claims and pleadings, and he failed to do so:

22 > Greene has failed to plead a cause of action on which this Court may grant relief,
> and the Court must dismiss the claim in accordance with 28 U.S.C. § 1915
23 > (2)(B)(i, ii). Additionally, the Court finds Greene's filings to be so incoherent as
> to make dismissal with prejudice appropriate.

*Id*. at *4. That is a Rule 12(b)(6)/*Iqbal/Twombly* failure, not a failure of venue, and certainly not a failure of venue under 28 U.S.C. § 1400(b).

It is true that the Court also determined that Green had failed to establish proper venue, but that was not the basis for dismissal, much less for the dismissal with prejudice:

> [E]ven if Greene had established proper venue in this district, his Amended Complaint must be dismissed for failure to state a claim.

Id. at *3.

Defendants cite no authority for the bold proposition that a plaintiff who cannot establish proper venue (in a patent case, or in any other case) is subject to dismissal with prejudice on futility grounds; there plainly is a way to remedy the claimed defect—filing in the proper venue. The Court will not dismiss the case with prejudice, as that would be clear error.

This case is **dismissed without prejudice** for failure to establish proper venue under 28 U.S.C. § 1400(b).

IT IS SO ORDERED.

Dated this 6th day of December, 2017.

Ronald B. Leighton
United States District Judge